Hopkins v. Coplan, et al.          CV-04-030-SM  08/26/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Kenneth Hopkins,
     Plaintiff

     v.                                Civil No. 04-30-SM
                                       Opinion No. 2004 DNH 125
Jane Coplan; Philip Stanley;
Viola Lunderville; Marilee Nihan; and
Correctional Officers Topham, Turcotte,
Edsall, Tibeault, Desmond, and LaFlamme,
     Defendants


                           **O R D E R**


     Kenneth Hopkins, an inmate at the New Hampshire State Prison

("NHSP"), filed this suit against various correctional officers

and prison administrators, seeking damages for alleged violations

of his constitutionally protected rights.  He also petitioned the

court for preliminary injunctive relief, seeking an order

precluding prison authorities from transferring him and

preventing any direct contact between himself and any of the

defendants, unless in a supervised context.


     Beginning on February 18, 2004, the Magistrate Judge held a

two-day hearing on Hopkins' motion for a preliminary injunction.

On April 30, 2004, the Magistrate Judge issued his first Report

and Recommendation (document no. 16), recommending that Hopkins'
motion be denied.  The court approved that Report and
Recommendation, and denied Hopkins' motion for injunctive relief.

Although not a part of the Magistrate Judge's first Report
and Recommendation, during the course of the hearing on Hopkins'
request for preliminary injunctive relief, the Magistrate Judge
ordered defendants to provide the court (by 5:00 p.m. that
afternoon) with statements that had been given by three
confidential informants, which were apparently used during the
course of a disciplinary hearing against Hopkins.[1]  See
Transcript of Day Two of Hearing at 110-12.  Counsel for
defendants objected to the production of any materials that might
reveal the identities of the confidential informants, but that
objection was overruled.  Counsel then filed what the court

---

[1]    The disciplinary hearing at issue was convened in the
wake of what Hopkins' alleges was a unilateral attack upon him by
three fellow inmates.  That attack forms the basis of his claim
that some of the named defendants knowingly and purposefully
failed to adequately protect him from other inmates.  Following
the hearing, Hopkins was, based at least in part upon information
from confidential informants within the prison, found to have
engaged in mutual combat with another inmate - a minor
disciplinary infraction.  Another inmate, who was found to have
beaten Hopkins, was found guilty of a major disciplinary
infraction.

deemed to be a motion for reconsideration, which was referred to the Magistrate Judge.

On May 20, 2004, the Magistrate Judge issued a second Report and Recommendation (document no. 21), in which he addressed his preliminary review of Hopkins' complaint (Part I), see Local Rule 4.3(d)(2), and ruled upon defendants' motion to reconsider, as well as related pending motions on the subject of the confidential informants (Part II). Pending before the court is defendants' partial objection to that Report and Recommendation.

## Discussion

I. <u>Construction of Plaintiff's Claims</u>.

Defendants do not object to the Magistrate Judge's construction of Hopkins' claims, nor has Hopkins filed any objection. Accordingly, after due consideration, the court approves Part I of the Magistrate Judge's second Report and Recommendation, to the extent it finds that Hopkins' complaint sets forth the following viable claims:

1. A section 1983 retaliation claim, as well as state tort claims for assault and battery against defendant Turcotte;

3

2. Section 1983 claims against defendants Lunderville, Nihan, Coplan, Stanley, LaFlamme, Desmond, and Tibeault, based on failure to take reasonable steps to ensure Hopkins' safety;

3. A section 1983 claim against defendant Edsall based on intentional indifference to a serious medical need.

All of Hopkins' claims against defendant Topham, as well as all remaining claims against the other defendants are dismissed.

II. Identities of Confidential Informants at NHSP.

During the course of the hearing on Hopkins' motion for preliminary injunctive relief, the Magistrate Judge inquired about the use of confidential informants in a disciplinary hearing against Hopkins at NHSP. In his second Report and Recommendation, the Magistrate Judge concluded:

> While plaintiff may have been appropriately denied access to the identities of the confidential informants in his disciplinary proceedings, that does not mean that those identities must be kept from plaintiff in this court's proceedings. Here, the defendants have asserted that the hearing officer's conclusion [that Hopkins engaged in mutual combat, and was not the victim of an unprovoked attack] was better than that of Lt. Tibeault because the hearing officer had access to three confidential informant statements. Therefore, the defendants imply that the hearing officer's conclusion that the plaintiff was engaged in mutual

4

combat, as opposed to having been set up for a beating, should be accepted by this court. By advancing this claim, the defendants put the reliability of confidential informants at issue in a case pending in federal court. That is quite a different matter than whether due process in the plaintiff's disciplinary hearing required disclosure [of the confidential informants' identities]. This Court does not accept secret evidence in any form.

Report and Recommendation (document no. 21) at 33-34. Later, the Magistrate Judge concluded:

In light of the Court's finding during the preliminary injunction hearing that the defendants opened the door on the confidential informant statements, and having considered the defendants' ex parte submissions, the defendants are ordered to provide Hopkins within ten business days unredacted copies of the ex parte objection and exhibits submitted therewith, a copy of the motion to provide the court with the identities of the confidential informants, and a copy of the motion to seal the motion to provide the court with the identities of the confidential informants.

Id. at 37.

In response, defendants filed an ex parte objection to the Magistrate Judge's Report and Recommendation to the extent in

5

orders them to disclose the identities of the confidential informants and all information about them (document no. 34).[2]

Hopkins might well be able to demonstrate that the identities of the confidential informants who provided information against him during his disciplinary proceeding are relevant to his substantive claims against the defendants. Then again, he might not. It is, however, premature to address that issue, particularly since Hopkins has never sought to discover those identities and since the defendants have moved for summary judgment on all of Hopkins' claims on what may prove to be dispositive procedural, rather than substantive, grounds: that Hopkins has not exhausted his administrative remedies, as is required by the Prison Litigation Reform Act. The identities of the confidential informants is plainly not relevant to that motion and Hopkins need not have that information in order to properly respond.

---

[2] In his Report and Recommendation, the Magistrate Judge inadvertently disclosed the identities of at least two of the confidential informants. Accordingly, defendants move the court to redact those portions of the Report and Recommendation and seek permission to substitute Hopkins' copy of the original document with a redacted version.

Accordingly, for the reasons set forth in defendants'
objection, as well as the affidavit of Warden Bruce W. Cattell,
pending resolution of defendants' motion for summary judgment, it
seems prudent to maintain the confidentiality of the identities
of the three confidential informants whose testimony was
apparently used during the course of Hopkins' disciplinary
hearing.

The relief requested in defendants' _ex parte_ objection
(document no. 34) is, therefore, granted to the following extent:

1. The Clerk of Court shall redact those portions of the May 20, 2004 Report and Recommendation (document no. 21) that directly or indirectly identify the confidential informants and replace the original Report and Recommendation with the redacted version on the court's Web page and electronic opinion database;

2. Defendants are authorized to replace Hopkins' copy of the May 20, 2004 Report and Recommendation with a redacted version;

3. The Magistrate Judge's order compelling defendants to make available to Hopkins all _ex parte_ pleadings, including but not limited to those that disclose the identities of the confidential informants and a tape of inmate McCauley's disciplinary hearing is hereby vacated; and

7

4.    Defendants' motions to seal the following documents are granted: (1) their <u>ex</u> <u>parte</u> objection to the production of confidential informant statements (document no. 13); and (2) their <u>ex</u> <u>parte</u> objection (document no. 24).  Those documents need not be served on Hopkins.

Should Hopkins' claims survive defendants' pending motion for summary judgment (that motion is not yet ripe), the parties may again raise the issue of whether the identities of the confidential informants is relevant to any such remaining claims.

    **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 26, 2004

cc:  Kenneth Hopkins
     Mary E. Schwarzer, Esq.